UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

CIVIL ACTION NO. 08-CV-9-HRW

RONALD COUCH                                                                                            PETITIONER

VS:                              **MEMORANDUM OPINION AND ORDER**

BRIAN PATTON, *Warden*                                                                        RESPONDENT

Ronald Couch, who is incarcerated in the Federal Correctional Institution located in Ashland, Kentucky ("FCI-Ashland"), has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has paid the $5.00 filing fee.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C. § 1915(e)(2) a district court has authority to dismiss a case at any time if it determines the action: (I) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

RESPONDENT

The named respondent is Brian Patton, the Warden of FCI-Ashland.

CLAIMS

The petitioner alleges that the Bureau of Prisons ("BOP") violated his right to due process under the Fifth Amendment of the United States Constitution. Petitioner alleges that the BOP has improperly denied him 26 days of Good Conduct Time ("GCT") thus far, and that by the end of his sentence, he will have been denied a total of 81 days of GCT.

Specifically, Petitioner Couch states that he has complied with the requirements of the BOP's adult literacy program by completing 240 instructional hours in the program as required by 18 U.S.C. § 3624(f) and 28 C.F.R. §§ 544.70-75.[1] Petitioner argues that as result of his completion of the program, he is entitled to 54 days of GCT per year. Couch contends that once he completed the minimum of 240 as required by 28 C.F.R. § 544.70, he was automatically excused from any further participation in the program. The BOP disagrees and has maintained that under the specific facts of Couch's case, he is entitled to only 42 days of GCT

Couch directs the Court's attention to *Snider v. Daniels*, 445 F. Supp. 2d 1233(D. Or. 2006) in support of his request for relief. In that case, the court found that the BOP acted arbitrarily and capriciously in denying the petitioner good time credits because he had already completed 240 hours of functional literacy instruction. *Snider*, 445 F. Supp. 2d at 1235.

---

[1] The Attorney General requires the BOP to conduct adult literacy programs in federal prisons for the benefit of inmates who are functionally illiterate. *See* 18 U.S.C. § 3624(f). Functionally illiterate inmates must attend adult literacy programs for a minimum of 240 instructional hours or until a GED is achieved, whichever is first. 28 C. F.R. §544.70. Inmates who fall into this category must participate in adult literacy programs; participation is not optional. 28 C. F.R. § 544.75. The BOP's policy is to deny certain privileges to any inmate who either refuses to participate in, withdraws from, or violates the terms of an exemption from the adult literacy program.

RELIEF REQUESTED

The petitioner seeks restoration of 26 days of GCT which he has already lost. He also seeks an Order directing the BOP to award him prospective GCT at the rate of 54 days per year.

DISCUSSION
1. Exhaustion of Claims

The petitioner administratively exhausted his claim that he should be awarded 54 days of GCT credit for having completed 240 hours of the Adult Literacy Program. On August 21, 2007, Warden Brian Patton rejected the petitioner's BP-9 appeal [Record No. 2-4, p.2].

Patton acknowledged that because the petitioner had completed 240 classroom hours, his participation in the program was not mandatory. Patton stated that although the petitioner had in fact previously been enrolled in the Adult Literacy Program, he (petitioner) had withdrawn from the program. Patton explained that as a result of that withdrawal, petitioner had been given a progress assignment of "GED UNSAT" on June 9, 2004, in accordance with BOP Program Statement 5350.28, § 17 [Patton Denial, Record No. 2-4, p.2.].

Patton explained that as a consequence of Couch's "unsatisfactory" designation, he was unable to earn the maximum good conduct time available through BOP programs of 54 days under 18 U.S.C. § 3624(b) ("In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree").

Patton further noted that the petitioner was eligible to receive only 42 days good conduct time because the BOP had classified him as an inmate who has not earned, or was not making satisfactory progress towards earning, a G.E.D. credential or high school diploma under the

3

criteria established in BOP Program Statement 5884.01 [Patton Denial, Record No. 2-4, p.2].

On October 5, 2007, K. M. White, Director of the BOP's Mid-Atlantic Regional Office, denied the petitioner's BP-10 appeal and upheld Patton's decision [See Record No. 2-4, p.4]. White stated as follows:

> "The law under which you have been sentenced [the Prison Litigation reform Act of 1995] indicates that is you choose to drop out of the GED program (as policy allows) you will earn 11 fewer days of GCT per year. Once you have enrolled in GED for a period of 240 hours, you can begin to earn the full amount of GCT."

[*Id.*].

On December 26, 2007, Harrell Watts, Administrator of the National Inmate Appeals (the BOP's Central Office) denied the petitioner's final BP-11 appeal. Watts reiterated the findings of Warden Patton and Regional Director White.

Watts noted that the PLRA requires that unless an inmate (who has not earned a high school diploma, or a GED) makes satisfactory progress toward earning a GED, that prisoner's GCT will accumulate at the rate of only 42 days per year. [*Id*]. Watts again explained that the petitioner's June 9, 2004 withdrawal from the program reduced his eligible GCT amount from 54 to 42 days per year. [*Id*]. Watts concluded his denial by stating that the petitioner would be required to complete another 240 instructional hours "before satisfactory progress will again be obtained as previous instructional hours will not be counted." [*Id*].

2. Merits of the Claim

Title 18, Section 3624(f), of the United States Code directs the BOP to determine a mandatory period of time that each eligible inmate is *required* to attend the Literacy Program. Then, § 3624(f) directs the BOP to implement "appropriate incentives which lead to successful

completion of such programs." 18 U.S.C. § 3624(f)(2). Accordingly, the BOP has determined that eligible inmates *must* attend the program for 240 hours, or be subject to disciplinary sanctions. If the inmate does not achieve his GED within the 240 hours, the BOP offers good time credits to encourage further participation.

Once the inmate has reached 240 hours, the BOP offers additional incentives to encourage completion of the course under 28 C.F.R. § 523.20(c)(1), which awards 54 days of GCT credit if the inmate "has earned or is making satisfactory progress toward earning a GED credential." *See also* 18 U.S.C. § 3624(b)(1) (providing that "[i]n awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree."). If the inmate chooses not to pursue a GED beyond the mandatory 240 hours, 28 C.F.R. § 523.20(c)(2) provides that the BOP shall award only 42 days GCT credit.

It is clear that an inmate cannot be subject to disciplinary sanctions if he refuses to participate beyond the mandatory 240 hours. However, it is also clear the BOP can withhold GCT credits if the inmate refuses to continue to participate in the program. While it is clear that an inmate cannot be subject to disciplinary sanctions if he refuses to participate beyond the mandatory 240 hours, it is also clear the BOP can withhold GCT credits if he refuses to continue to participate in the program.

In his § 2241 petition, Couch does not dispute that he withdrew from the program in 2004. As the BOP has noted, the petitioner was free to withdraw and suffer no resulting disciplinary sanction, but he can not now claim that he is entitled to 54 days of GCT instead of

42 days of GCT.

Petitioner Couch' argument here is contrary to the clear mandates and purpose of the functional literacy program and good time credits pursuant to 18 U.S.C. § 3624(b) and (f). The Court agrees with the BOP that as a result of Petitioner Couch's voluntary withdrawal, the BOP is justified in awarding the petitioner with only 42 days of GCT per year, under 28 C.F.R. § 523.20(c)(2). This determination is consistent with the statutory mandate of 18 U.S.C. § 3624(b) and the BOP's regulations promulgated at 28 C.F.R. § 523.20(c)(2). Accordingly, the Court finds that the BOP properly calculated Couch's good time credits.

Moreover, Couch cannot show that his substantive due process rights have been violated because he has not asserted "the existence of a constitutionally protected property or liberty interest." *Martin v. O'Brien*, 207 Fed. Appx 587, 589 (6th Cir. Dec. 4, 2006). It is well-settled that "prisoners have no liberty interest in opportunities to obtain good-time credits." *Id*. at 589-90 (*citing Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992) ("The United States Supreme Court has held that inmates have no inherent constitutional right to good time credit.") (citation omitted)).

A case which is helpful in this analysis is *Burrell v. Gunja*, 2001 WL 34713499 (D. Md., June 8, 2001) (Only Westlaw citation currently available). In that case, Prisoner Burrell was enrolled in the adult literacy program. He had been reprimanded for poor attendance habits, as well as having been given the chance to take post-evaluation tests in preparation for the GED, which he refused to take. He was warned that his poor performance could subject his classification to be changed to "GED UNSAT."

Burrell was issued an incident report by the Camp Administrator because he had an unexcused absence from the program. Burrell filed a request seeking removal from the school "ASAP," stating that he understood that he would lose good time credits if he dropped out of the adult literacy program. He was removed from the program, having completed 667 instructional hours. *Id*. at *2.

When Burrell sought reinstatement into the adult literacy program, he was informed not only that mandatory inmates took precedence on the waiting list, but also that his status would not be changed to reflect satisfactory progress until he completed 240 continuous instructional hours. A year later, Burrell was allowed to fill a vacancy in the program, but because his status had since changed from "GED SAT" to "GED UNSAT" in accordance with the BOP's policy, his good time credit had been recalculated from 54 days to 42.

Burrell argued in his § 2241 petition that despite his prior participation for over 667 hours, he had been unable to pass the GED test because he had never been allowed to take the test; that he withdrew from the program because he feared he would not be allowed to take the test; and that a teacher would fabricate a reason to remove him from the program. *Id*. at *3.

Burrell claimed that he had a liberty interest in continued participation in the adult literacy program because the statute authorizing it was cast in mandatory language. The district court disagreed, finding that under *Sandin v. Conner*, 515 U.S. 472, 478-87 (1995), provisions that merely procedural requirements, even if mandatory, cannot provide the basis for a constitutionally protected liberty interest. *Id*.

The court explained that Burrell's loss of ability to earn a maximum amount of good time

for one year was a "collateral consequence of a change in his status in the literacy program based on his own conduct and did not rise to the level of a liberty interest deprivation." *Id*. at *4. Citing *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir.1995), the district court stated that neither the statute nor regulations at issue created a protected liberty interest in Burrell's ability to remain in the program or to continue earning good time at a certain rate once he started earning it.

Based on the foregoing discussion, Petitioner Couch has not shown that the BOP acted arbitrarily and capriciously as it properly calculated his good time credits pursuant to 18 U.S.C. § 3264(b) and 28 C.F.R. § 523.20. Additionally, because an inmate does not have a protected liberty interest in the opportunity to earn good time credits, Petitioner Couch has failed to establish grounds on which he is entitled to relief. Therefore, his petition must be denied.

## CONCLUSION

For the reasons discussed herein, it is **ORDERED** as follows:

(1)     Petitioner Ronald Couch's *pro se* § 2241 petition for a writ of habeas corpus [Record No. 2] is **DENIED**.

(2)     This action is **DISMISSED**, *sua sponte*, from the Court's docket. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This  February  20,  2008.



Signed By:
Henry R Wilhoit Jr.
United States District Judge